NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIE EVERETTE BUGGS, *Appellant.*

No. 1 CA-CR 13-0660
FILED 07-24-2014

---

Appeal from the Superior Court in Maricopa County
No. CR 2012-164686-001
The Honorable Richard L. Nothwehr, Commissioner

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

**N O R R I S**, Judge:

**¶1**        Willie Everette Buggs timely appeals from his conviction and sentence for assault, a class 1 misdemeanor. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1203(A)(1), (B) (2010). After searching the record on appeal and finding no arguable question of law that was not frivolous, Buggs's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Buggs to file a supplemental brief *in propria persona*, but Buggs did not do so. After reviewing the entire record, we find no fundamental error and therefore affirm Buggs's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        On December 21, 2012, Buggs and his roommate, R.G., were drinking alcohol and playing cards when they began to argue. Both men were swearing and yelling at each other, and the argument escalated into a physical altercation. Although Buggs testified R.G. "took a swing at me" and he only hit R.G. with his fist four times defending himself, another witness testified R.G. had never attempted to hit Buggs, but rather Buggs had attacked R.G. and hit him with the blunt end of a box cutter as many as ten or 12 times. After the incident, R.G. went to the hospital and received staples and stitches in various parts of his head and face.

**¶3**        A grand jury indicted Buggs for felony aggravated assault under A.R.S. § 13-1204(A)(2) (Supp. 2013) (assault with a deadly weapon or dangerous instrument). A jury convicted Buggs of the lesser included offense of assault under A.R.S. § 13-1203(A)(1) (causing any physical

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Buggs. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

injury to another person), a misdemeanor. The superior court sentenced Buggs to 180 days incarceration, *see* A.R.S. § 13-707(A) (2010), with 180 days presentence incarceration credit.

## DISCUSSION

**¶4** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Buggs received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.[2]

**¶5** The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members; and the court properly instructed the jury on the elements of the charge, Buggs's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Buggs was given an opportunity to speak at sentencing and did so, and his sentence was within the range of acceptable sentences for his offense.

**¶6** We note, however, that in closing argument, but without any objection by defense counsel, the prosecutor improperly relied on matters that were not introduced in evidence. First, in discussing the trial evidence concerning blood splattering, the prosecutor referred to "basic physics" even though no evidence was presented to the jury about "basic physics." Second, the prosecutor argued that electricians use box cutters in lieu of wire strippers to strip off the first inch or so of "Romex wire." Yet, no evidence was presented to the jury about using box cutters in lieu of wire strippers or, for that matter, "Romex wire." Third, the prosecutor asserted a particular witness, who had been a friend of Buggs, gave Buggs "a little nod" after his testimony. No evidence was presented to the jury, however, about this alleged nod.

**¶7** The prosecutor's reliance on these matters was improper. *See generally State v. Newell*, 212 Ariz. 389, 402, ¶ 62, 132 P.3d 833, 846 (2006) (impermissible prosecutorial vouching exists when prosecutor suggests information not presented to the jury supports the evidence).

---

[2]Buggs waived his presence at a July 11, 2013 pretrial hearing. At the hearing, the court entered scheduling orders for the submission of trial exhibits and proposed jury instructions and affirmed the prior custody orders and the trial date.

Although improper, based on our review of the record, the statements did not amount to fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 568-69, ¶¶ 22-26, 115 P.3d 601, 608-09 (2005).

**CONCLUSION**

**¶8** We decline to order briefing and affirm Buggs's conviction and sentence.

**¶9** After the filing of this decision, defense counsel's obligations pertaining to Buggs's representation in this appeal have ended. Defense counsel need do no more than inform Buggs of the outcome of this appeal and his future options unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶10** Buggs has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Buggs 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh